# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5596 | **DATE** | 9/8/2003 |
| **CASE TITLE** | Amanda Blum vs. Paul D. Lawent | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/30/2003 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment (Doc. 8-1) is granted in part and denied in part, and Defendant's motion for summary judgment (Doc. 9-1) is granted in part and denied in part. Parties directed to meet in an attempt to reach a settlement prior to next status.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 9 2003 date docketed | 17 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 9/8/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| ETV | courtroom deputy's initials | 03 SEP -9 AM 8:14 | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| AMANDA BLUM f/k/a HORKEY, | ) | |
| | ) | SEP 0 9 2003 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 5596 |
| | ) | |
| PAUL D. LAWENT d/b/a Law Offices of Paul D. Lawent, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is the second federal lawsuit to arise from the same unpaid dental bill. Earlier this year, the Seventh Circuit affirmed summary judgment in favor of Plaintiff Amanda Horkey on a claim that a debt collector violated the Fair Debt Collection Practices Act, ("FDCPA" or the "Act"), 15 U.S.C. § 1692 *et seq.*, by harassing her at work. In this lawsuit, filed on August 7, 2002, Plaintiff, now known as Amanda Blum, charges Defendant Paul Lawent with further violations of the Act. Blum alleges, first, that Lawent, an attorney acting as a debt collector, violated the Act by making confusing disclosures in a collection letter. In addition, Plaintiff alleges that Lawent used false and unconscionable means to collect this $817 debt when he filed a complaint in small claims court on behalf of the dentist, to whom Blum owed no money, rather than on behalf of her legal creditor, the dental service.

On January 31, 2003, Plaintiff filed a motion for summary judgment, arguing that Defendant's conduct violated the Act as a matter of law. In his cross-motion, filed on February 5, 2003, Defendant argues that he did not violate the Act and that Plaintiff and her attorney have filed this lawsuit in bad faith to harass him. For the reasons stated in this opinion, Plaintiff's motion is granted in part and denied in part, and Defendant's motion is granted in part and denied in part.



## BACKGROUND[1]

The facts, compiled from the parties' Local Rule 56.1(a)(3) and (b)(3) Statements of Material Facts and attached exhibits, are largely undisputed. (Plaintiff's Local Rule 56.1 Statement of Material Facts, (hereinafter, "Plf.'s 56.1"), ¶ 10.) What is disputed is whether Lawent's conduct violates the Act as a matter of law.[2] (*Id.*)

Plaintiff Amanda Blum owed $817 to Renwick Family Dental Care, L.L.C ("Renwick"), located in Plainfield, Illinois, for dental services provided to her and her two minor children between September 18, 1999 and November 15, 1999. (Defendant's Local Rule 56.1 Statement of Material Facts, (hereinafter, "Def.'s 56.1"), ¶¶ 3,4; Plf.'s 56.1 ¶ 4.) Both sides agree that Renwick is registered with the State of Illinois as a Limited Liability Company, and that Dr. Que is listed as the manager of Renwick. (Def,'s 56.1 ¶ 6; Renwick Articles of Organization, attached to Def.'s 56.1.)[3]

---

[1] Both sides filed motions for summary judgment in this case. Plaintiff Blum filed her motion on January 31, 2003, along with her Local Rule 56.1 Statement of Material Facts. In responding to Plaintiff's 56.1 Statement, Defendant did not deny any of Plaintiff's assertions. Defendant did provide additional facts supported solely by his own March 18, 2003 affidavit. Defendant also filed his own motion for summary judgment on February 5, 2003, also accompanied by a Local Rule 56.1 Statement and his own affidavit, this one dated February 2, 2003, and the December 20, 2002 affidavit of Plaintiff's dentist, Dr. Marcos Y. Que. The parties dispute several facts set forth by Defendant as part of his own 56.1 Statement. In addition, Plaintiff seeks to strike 12 of the 27 factual assertions made by Defendant, arguing that the affidavits that support those assertions were not disclosed during discovery, which ended on December 30, 2002. Plaintiff cites *Meredith v. Principi*, a case in which Judge Zagel granted plaintiff's motion to strike 12 of 13 affidavits "because the affiants were never disclosed during discovery and the affidavits are all dated after the close of discovery." 2001 WL 856283, at *1 (N.D. Ill. 2001), citing FED. R. CIV. P. 37(c)(1). The court notes, however, that in *Meredith* the affiants provided character references on behalf of the plaintiff in the case and that the names of these individuals were not disclosed during discovery. In this case, Plaintiff does not allege that the names of the affiants were withheld or that she was surprised that Que and Lawent had relevant information regarding this lawsuit. The court is unwilling to strike evidence provided by Defendant himself and the dentist who treated Plaintiff and her children where there is no plausible claim of surprise. Plaintiff's request to strike these allegations is denied.

[2] Both sides agree that the court has proper jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

[3] Many of the exhibits provided by Defendant in support of his motion are not marked.

Both sides agree that the dental services Plaintiff and her children received from Renwick were performed by Dr. Que. (Def.'s 56.1 ¶ 5; Plaintiff's Deposition, attached to Def.'s 56.1, at 11.)

At an undetermined point in November or December of 2000, Plaintiff's unpaid bill was referred to J.V.D.B. & Associates (J.V.D.B.), a debt collection agency, for collection. (Def.'s 56.1 ¶ 10.) On December 21, 2000, Defendant Lawent, an Illinois attorney who performed debt collection service for J.V.D.B., sent an initial debt validation letter to Plaintiff's last known address, also in Plainfield. (Plf.'s 56.1 ¶ 4; December 21, 2000 Letter from Paul Lawent to Amanda Horkey, Ex. 1 to Plaintiff's Deposition.) Plaintiff denies receiving this letter, and when there was no response, J.V.D.B.'s staff took further action, including two harassing phone calls to Plaintiff at her place of employment. As noted, Plaintiff challenged that action in an earlier lawsuit and won a judgment, affirmed by the Seventh Circuit, that J.D.V.B.'s efforts to collect Plaintiff's debt violated the Act. See Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769 (7th Cir. 2003). The court awarded Plaintiff $1000 in statutory damages and $450 in actual damages under the Act. Id. at 775.

On May 15, 2002, while this first lawsuit was pending, Defendant Lawent mailed a second debt collection letter, this one directed to Plaintiff's attorney David J. Phillips. (Plf.'s 56.1 ¶ 4.) In this one-page letter, Lawent sought payment of $817, which he stated Plaintiff owed to Renwick. (Id.; May 15, 2002 Letter from Lawent to David J. Philipps, ("Collection Letter"), Ex. A to Plf.'s 56.1.) Attached to this letter, on Renwick letterhead, Defendant provided an itemized list of the dental services provided to Plaintiff and her children by Renwick, totaling $817.[4] (Plf.'s 56.1 ¶ 4; Collection Letter.) Lawent's letter explained that he was retained by J.V.D.B. to collect for the dental services rendered by Renwick, and stated, "[w]e are requesting that your client make full payment of the $817.00 amount due and owing within thirty (30) days of your receipt of this letter,

---

[4] The court notes that the list of dental services provided by Renwick reflects a total amount greater than the $817 claimed by Defendant, but certain dental services were paid for by Plaintiff's dental insurance provider.

or legal proceedings may be instituted against her for the collection of this account." (Collection Letter.) Defendant also advised Plaintiff's attorney:

> If you or your client dispute any portion of the total amount due and owing to Renwick Family Dental Care L.L.C., you must notify me within thirty (30) days of your receipt of this letter or I will assume that the debt is valid. If you notify me of a dispute, I will provide you with whatever other information you request on this account if the dental office or [debt collection agency] is able to provide it.

(Id.) At the bottom of the letter below Defendant's signature, he included another notice:

> THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. Unless you notify this office within 30 days after receiving this notice that you and/or your client dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will obtain any further verification of the debt and mail you a copy of such verification.

(Id.)

The record does not indicate whether Plaintiff or her attorney took any action in response to Defendant's letter, but Plaintiff did not pay the debt. On July 19, 2002, Lawent filed a complaint in Will County Small Claims Court to recover the $817. (Plf.'s 56.1 ¶ 7.) The summons and the complaint in this case were typed on forms provided by the county. (Def.'s 56.1 ¶ 24.) In the complaint (hereinafter, "Small Claims Complaint"), Defendant identified Dr. Que as the plaintiff, but substituted his own law office address for that of Que's address in the complaint. (Id.; Small Claims Complaint, Ex. B to Plf.'s 56.1.) In addition, in the area designated for the plaintiff's signature on the complaint, Lawent signed his own name. (Plf.'s 56.1 ¶ 7; Small Claims Complaint.) The summons (the date of which is illegible) did correctly identify Lawent as Que's attorney. (Small Claims Summons, attached to Def.'s 56.1.) Attached to the Small Claims Complaint was a November 30, 2000 bill from Renwick to Plaintiff for an outstanding balance of $817. (Plf.'s 56.1 ¶ 7; Small Claims Complaint.)

On August 8, 2002, Plaintiff filed a "Motion for Involuntary Dismissal" in Will County Circuit Court, seeking dismissal of the Small Claims Complaint on the ground that Plaintiff did not owe

4

money to Que or Lawent. (Plf.'s 56.1 ¶ 8; Plaintiff's Motion for Involuntary Dismissal, Ex. C. to Plf.'s 56.1.) Judge Edwin Grabiec of the Will County Circuit Court granted that motion the following day, dismissing the case without prejudice but granting Lawent or Que leave to file an amended complaint within 14 days. (Id. ¶ 9; August 9, 2002 Will County Circuit Court Order, Ex. D to Plf.'s 56.1.) It appears that no amended complaint was filed prior to August 13, 2002, when Plaintiff's husband paid Plaintiff's debt in full by personally delivering a money order to Renwick. (Def.'s 56.1 ¶ 27.)

In the meantime, on August 7, 2002, Plaintiff filed this lawsuit, asserting that Lawent's May 15, 2002 letter was confusing regarding her rights and thus, violated Section 1692g of the Act. She contends, further, that Lawent violated Sections 1692e and f of the Act when he filed a small claims action on behalf of parties to whom Plaintiff did not owe a debt. Both sides now seek summary judgment.

## DISCUSSION

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Accordingly, "[s]ummary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 772 (7th Cir. 2003), quoting *Rogers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003). The court's function in ruling on a motion for summary judgment is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). These same standards apply even where both parties have moved for summary judgment.

I.     15 U.S.C. § 1692g

Blum claims, first, that Lawent violated Section 1692g of the Act because the collection letter he sent on May 15 included confusing information concerning her right to contest the debt. Section 1692g is quite specific regarding the information that a debt collector must include in a debt collection letter.[5]   In short, the validation notice must inform "the target that she has 30 days to dispute the validity of all or a portion of the debt." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). If the target of the letter fails to dispute the debt, "the collector may assume the debt to be valid." *Id.* The Act provides, further, that a debt collector is permitted to sue regarding the debt during this same thirty day period, but "must cease his efforts at collection during the interval between being asked for verification of the debt and mailing the verification to the debtor." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

Plaintiff admits that the statutorily required validation notice was included in the Collection Letter but she argues that this notice was rendered ineffective by additional language in which

---

[5]     Specifically, Section 1692g states:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

Lawent requested immediate payment. As noted, Lawent's letter stated: "We are requesting that your client make full payment of the $817.00 amount due and owing within thirty (30) days of your receipt of this letter, or legal proceedings may be instituted against her for the collection of this account." The Seventh Circuit has explained that a "debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Id.* Thus, in reviewing the Collection Letter to determine whether the proper disclosures were provided, the court views the letter "through the eyes of an 'unsophisticated consumer.'" *Avila*, 84 F.3d at 226. This standard is quite low, "close to the bottom of the sophistication meter." *Id.* The court notes, however, that this standard does include an objective element of reasonableness, intended to protect debt collectors who comply with the Act from "liability for unrealistic or peculiar interpretations of collection letters." *Gammon v. GC Services Limited Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

There are three ways in which a debt collector can confuse a consumer as to his or her rights, even if the required validation disclosure is present: (1) contradictory language in the letter; (2) language that is not contradictory to the required notice, but has the effect of overshadowing or obscuring the notice; and (3) "a failure to explain an *apparent* though not actual contradiction." *Bartlett*, 128 F.3d at 500. (emphasis in original). Plaintiff claims that the Collection Letter is confusing for the purposes of the Act because the payment language overshadows the validation notice. She points out that Lawent's letter set forth two thirty-day deadlines: one for payment and another in connection with the validation notice. The relevant question before the court is whether in the context of this letter an unsophisticated consumer would be confused regarding his or her rights under the Act.

Plaintiff argues that the Seventh Circuit has already addressed this question in *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997). In *Chauncey*, the defendant, a

professional debt collection agency, wrote a letter to the plaintiff in an attempt to collect a $1,541.28 debt owed to Bridgestone/Firestone. *Id.* The letter included a validation notice, but also stated:

> Please be advised that we have been requested by [Bridgestone/Firestone] to assist them in the collection of the amounts due set forth above. Unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made.

*Id.* Affirming summary judgment for plaintiff, the court observed that this language was confusing "because the thirty-day payment requirement set out in . . . the collection letter contradicts the mandatory validation notice disclosures allowing thirty days to dispute the debt." *Id.*

Defendant's efforts to distinguish *Chauncey* are unsuccessful. He argues, first, that he did not "demand" payment as was done by the debt collector in *Chauncey*, but instead merely "requested" payment without indicating any sense of urgency. (Defendant's Response to Plaintiff's Memorandum of Law, at 2.) The court disagrees. Although the letters in these two cases used different language, the message conveyed to debtor is the same: you (debtor) should pay in the next thirty days to avoid a lawsuit. In short, the court does not believe an unsophisticated consumer would perceive any significant distinction between a request and a demand from a debt collector.

Defendant urges, further, that his letter could not have been confusing to its recipient, Plaintiff's lawyer. For purposes of this court's Section 1692g analysis, however, the recipient of the letter is not critical. Under Seventh Circuit case law, a plaintiff may recover for statutory penalties under the Act, even if the debtor has not read the letter or actually been confused by it. *Bartlett*, 128 F.3d at 499 (to recover statutory damages under the Act, a plaintiff only needs to demonstrate that the statute was violated, not that the person to receive the letter was misled by it).

In disputing Plaintiff's motion and in support of his own motion, Lawent argues, further, that the language he used in the Collection Letter fits within the "safe harbor" language set forth by the Seventh Circuit in *Bartlett*. In *Bartlett*, the defendant, an attorney, sent a letter to an alleged debtor

8

on behalf of his client that included the validation notice required by the Act. *Id.* The letter also stated, however, that "if you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter," either pay $316 that was owed on the debt or contact the creditor and make repayment arrangements. *Id.* Despite the validation notice, the court determined that this letter violated the Act because it would confuse the debtor, who would be uncertain how the one-week period to make a payment related to the thirty-day validation period. *Id.* at 501. The letter's language, according to the court, provided conflicting deadlines and "turn[s] the required disclosure into legal gibberish." *Id.*

After explaining that the debt collection letter violated the Act, the Seventh Circuit included a draft letter, which the court stated would have properly advised the debtor of his rights and also threatened litigation for failing to pay the debt. Use of this letter would provide a debt collector with a "safe harbor" from claimed violations of Section 1692g. The court's proposed "safe harbor" letter states:

> Dear Mr. Bartlett:
>
> I have been retained by Micard Services to collect from you the entire balance, which as of September 25, 1995, was $1,656.90, that you owe Micard Services on your MasterCard Account No. 5414701617068749.
>
> If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay Micard $316 against the balance that you owe (unless you've paid it since your last statement) or call Micard at 1-800-221-5920 ext. 6130 and work out arrangements for payment with it. If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over.
>
> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it--by notifying me in writing to that effect--I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor (Micard Services), I will furnish you with that information too.
>
> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your

9

> receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.
>
> Sincerely,
>
> John A. Heibl

*Id.* at 502.

Defendant argues that this safe harbor letter crafted by the Seventh Circuit demonstrates as a matter of law that his own letter was also appropriate under the Act. Defendant points out that the Seventh Circuit's draft permits a debt collector to demand payment within seven days, threaten a lawsuit, and include the validation notice. The court disagrees. Defendant has focused solely on the fact that the letter crafted by the Seventh Circuit permits a validation notice to be accompanied by a threat of litigation, and avoids addressing how the court's holding in *Bartlett* and the purpose of the safe harbor letter itself, contradict his argument.

The *Bartlett* court was addressing confusion that resulted from an apparent contradiction between two deadlines included in a collection letter. Indeed, in *Bartlett*, the Seventh Circuit explained that a typical case of confusion will result from a debt collector seeking to be paid in thirty-days and providing the thirty-day verification notice, without providing any explanation of how the two thirty-day periods relate to one another. *Id.* at 500. The purpose of the draft letter in *Bartlett* was to demonstrate how a debt collector could avoid confusion by including language that explained how the two deadlines interrelated, thereby removing any apparent contradiction or confusion. Lawent's letter is the "typical case" described by the *Bartlett* court. Because it lacks any language that explains how the two deadlines in his letter permissibly interrelate under the Act, Lawent's letter does not comport sufficiently with the "safe harbor" letter set forth by the court in *Bartlett*. Accordingly, based on the Seventh Circuit's decisions in *Bartlett* and *Chauncey*, this court finds that the letter is confusing as a matter of law for the purposes of Section 1692g of the Act.

Defendant's remaining arguments on this issue are unpersuasive. Lawent has provided authority from the Ninth Circuit that presents a different interpretation of Section 1692g from that

of the Seventh Circuit; the court rejects this authority to the extent it contradicts the Seventh Circuit's view. See Renick v. Dun & Bradstreet Receivable Mgmt. Servs., 290 F.3d 1055 (9th Cir. 2002) (debt collector's second letter that was sent only twenty days after the initial debt collection notice letter and requested "prompt" payment of debt was not a violation of Section 1692g.) As noted, Lawent suggests the letter he used was similar to a sample letter approved by the Illinois Institute for Continuing Legal Education. Plaintiff has not provided a copy of that sample letter, however, and the court notes that at least one 1999 IICLE publication concerning Section 1692g, specifically endorses the Seventh Circuit's decision in Bartlett. Illinois Institute of Continuing Legal Education, Creditor's Rights in Illinois, ch. 9.78 (Updated in 1999), available at www.iicle.com. Further, a sample form debt collection letter issued by IICLE in 2001 uses language almost identical to that recommended by the court in Bartlett. Illinois Institute of Continuing Legal Education, Starting Points: The Fundamentals of Practice in Illinois, ch. 8.152 (2001), available at www.iicle.com. Language endorsed by IICLE would not trump the Seventh Circuit's holding in any event, but this court believes the language recommended by IICLE is consistent with the Seventh Circuit's draft letter and inconsistent with Lawent's. Summary judgment is granted in favor of Plaintiff in this claim.

## II.  15 U.S.C. § 1692e

Plaintiff claims, next, that Lawent violated Section 1692e of the Act by utilizing false representations and misleading means to collect the $817 debt owed by Plaintiff to Renwick. Specifically, Plaintiff argues that the complaint filed by Lawent in Will County Small Claims Court was both false and misleading because Lawent filed the complaint on behalf of a party to whom Blum did not owe money. Plaintiff technically owed her debt to Renwick, but the complaint identifies Dr. Que as the plaintiff in the small claims action. Further, the form complaint includes a section for the plaintiff to sign; in that space, Lawent signed his own name and provided the address of his law office. (Small Claims Complaint.) Lawent does not dispute that he identified plaintiff incorrectly, but argues that Blum could not have been deceived by the mistake because

11

she was aware that Lawent was the attorney on this matter and that Que was a dentist at Renwick.

In pertinent part, Sections 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The test in evaluating whether a debt collector has violated Section 1692e is "objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), citing *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

Both sides agree that Lawent erred in naming Que or himself as plaintiff in the Small Claims Complaint. The debt was owed to Renwick. The parties disagree on whether as a matter of law Lawent's errors violate Section 1692e of the Act. Lawent argues that his mistake can not violate the Act because Plaintiff has not demonstrated that he intended to mislead her. He cites *Hubbard v. National Bond & Collection Assocs., Inc.*, 126 B.R. 422 (D. Del. 1991) ("The plain meaning of § 1692e is that only knowing and intentional conduct is punishable."), *aff'd* 947 F.2d 935 (3d Cir. 1991). The court notes, however, that the Seventh Circuit has taken a different view, stating that Section 1692e of the Act can apply even if the debt collector does not intend to make a false representation. *Turner*, 330 F.3d at 995; *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000). Thus, whether Lawent intended to make a false statement or mislead Plaintiff is irrelevant to Plaintiff's claim under Section 1692e.

Lawent argues, next, that his mistakes with respect to the complaint can not be construed as false because his use of the incorrect names was only a misnomer under Illinois law. *Bristow v. Westmore Builders, Inc.*, 266 Ill. App. 3d 257, 640 N.E.2d 339 (2d Dist. 1994) ("Misnomer is a mistake in name or the provision of an incorrect name to the person in accusation or pleading . . . . It means nothing more than that a party is styled in other than his or her own name.") A misnomer is not grounds for dismissal of a case under Illinois law. 735 ILCS 5/2-401(b). The court is nevertheless uncertain what, if any, impact it has in relation to the FDCPA.

12

The court notes under the test explained by the Seventh Circuit, the critical question is: would an unsophisticated consumer be deceived? Blum argues in the affirmative and cites *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) in support of her position. In *Gearing*, in affirming the district court's grant of summary judgment, the court found that a debt collector violated Section 1692e when it falsely represented to debtor in a collection letter that it was "subrogated" to creditor's rights. 233 F.3d at 472. The court found that the debt collector was not a subrogee of creditor and that in making such a statement to debtor, debt collector violated Section 1692e. *Id.* The court affirmed summary judgment even though the debt collector's representation might have been unintentional. *Id.*

Lawent does not address *Gearing* in his brief, but argues that it is unreasonable for Plaintiff to be misled or deceived by his mistake in the Small Claims Complaint. Lawent argues that Plaintiff knew that Que was a dentist at Renwick and that he was Que's attorney. According to Lawent, a reasonable consumer in Plaintiff's position would have realized that a mistake was made and that the debt was actually owed to Renwick. Although the court is unwilling to find that Plaintiff's familiarity with Que and Lawent makes it unreasonable as a matter of law for Plaintiff to be deceived, this knowledge certainly creates a genuine issue of material fact.

Like the debt collector in *Gearing*, Defendant made what appears to be an unintentional misrepresentation in attempting to collect a debt. The court notes, however, that there is no evidence that the debtor in *Gearing* had the type of knowledge that Plaintiff has in this case. Although it is undisputed that the debt was not owed to Dr. Que or Lawent, it is also undisputed that Dr. Que performed the dental service that Plaintiff received at Renwick. In addition, the parties agree that Lawent represented J.V.D.B. in Plaintiff's first lawsuit under the Act and that he signed the Collection Letter sent to Plaintiff's attorney. In light of these facts, the court is disinclined to find that as a matter of law an unsophisticated consumer would be deceived by Defendant's use of Dr. Que or himself as Plaintiff instead of Renwick. Defendant was attempting to collect on a dental bill and he used the name of the dentist that performed the work. It is possible, in the court's view,

13

for a reasonable jury to find that due to the relationship between the true creditor and Dr. Que, even an unsophisticated consumer could not have been deceived by the misnomer. Similarly, the court does not believe that a reasonable consumer would believe that Lawent was the plaintiff in the small claims action where that consumer was aware of Lawent's status as the attorney for the debt collector (evidenced by her previous lawsuit, the Collection Letter, and the Small Claims Summons). Accordingly, the court finds that there is genuine issue of fact that exists regarding Plaintiffs' Section 1692e claim and denies both parties' motions for summary judgment on this issue.

## III.  15 U.S.C. § 1692f

Plaintiff asserts, further, that Lawent's failure to name the proper plaintiff in his Small Claims Complaint also violates Section 1692f of the Act. Specifically, Section 1692f states that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff has combined her arguments under Sections 1692e and f as one in her brief. In doing so, Plaintiff has made it clear that she believes the same conduct that violates Section 1692e also violates Section 1692f. The court disagrees.

In *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991 (7th Cir. 2003), the plaintiff argued that defendant debt collector had violated Sections 1692e and f by sending him a debt collection letter that indicated he owed a debt to a third party, despite the fact that the debt had already been discharged in bankruptcy. 330 F.3d. at 995. The district court granted summary judgment in favor of defendant on both claims because there was no evidence that the debt collector knew the debt had been discharged. *Id.* The Seventh Circuit reversed the district court as to plaintiff's Section 1692e claim because it determined that a reasonable jury could find that the letter was misleading given the fact that the debt had been previously discharged. *Id.* The Seventh Circuit affirmed the lower court's finding as to plaintiff's Section 1692f claim, however. The court stated that even a false representation would not support the conclusion that the debt collector's letter was an unfair and unconscionable means to collect a debt, when the debt collector included all the necessary

14

disclosures set out in Section 1692g. *Id.* at 998.

Similar to the debt collector in *Turner*, Lawent included a misrepresentation in an acceptable means of collecting a debt, that is, a lawsuit. Plaintiff here does not dispute that Lawent's Small Claims Complaint was a permissible means to collect a debt, and the court declines to hold that Lawent's Small Claims Complaint was unconscionable under the Act. The court notes, further, that Plaintiff has not provided any authority supporting her argument that as a matter of law Lawent's filing of the complaint violated Section 1692e. Accordingly, the court grants Defendant's motion for summary judgment on this claim and denies Plaintiff's motion.

## IV.     15 U.S.C. § 1692k(a)(3)

Lawent has also asked this court to make a finding, pursuant to Section 1692k(a)(3), that Plaintiff has pursued her claims in bad faith for the purpose of harassing Lawent and that this court should award Defendant his costs and reasonable attorney fees. Section 1692k(a)(3) states that the prevailing party is entitled to recover

> in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).

Interestingly, the Seventh Circuit addressed this issue in Plaintiff's lawsuit against J.V.D.B. *Horkey*, 333 F.3d at 775. In *Horkey*, the court stated that for a party to prevail under Section 1692k(a)(3) it must demonstrate that the "action was brought in bad faith and for harassing purposes," meaning the entire lawsuit and not just one claim within that lawsuit. *Id.* at 775. The court did not define "bad faith" for the purposes of Section 1692k(a)(3), but it stated that the definition does not include a lawsuit in which Plaintiff was granted summary judgment on three of four of her claims and had a colorable argument on the remaining claim. *Id.* Like the court in *Horkey*, the court is unwilling to find that Plaintiff acted in bad faith when the court has determined that summary judgment is appropriate on one of her claims and determined that she has a

15

colorable claim on another. Accordingly, the court finds that Plaintiff's lawsuit was not brought in bad faith and as a result, Lawent's request for costs and fees pursuant to Section 1692k is denied.

**V.     Damages**

Lastly, the court notes that Plaintiff is entitled to statutory damages under the Act, pursuant to Section 1692k, because she has demonstrated that Defendant violated the Act. Specifically, Section 1692k states:

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . .

15 U.S.C. § 1692k(a).

In this case, Plaintiff has not alleged any actual damages in connection with his claims, but instead seeks statutory damages along with costs and fees. Because Plaintiff seeks only statutory damages, the maximum award is $1000 under the Act. *Raimondi v. McAllister & Assocs., Inc.*, 50 F. Supp. 2d 825, 828 (N.D. Ill. 1999) ($1000 limit is not attributed to each successful claim under the Act, but, instead, applies to each proceeding), citing *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) (additional citations omitted).

The Act identifies the following factors as relevant to a damages award under the Act: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. 1692k(b). Neither side, however, has submitted arguments or evidence regarding damages, and the court will reserve judgment on the issue to permit them to do so. The court notes at this juncture, however, that Plaintiff has presented no evidence that Lawent has a history of violating the Act. Nor is there any indication that he intended to violate the Act when he named Que as the party plaintiff in his small claim action. His conduct in directing his letter to Plaintiff's attorney, rather than to Plaintiff herself, is arguably inconsistent with any intention to violate the law.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (Doc. 8-1) is granted in part and denied in part, and Defendant's motion (Doc. 9-1) is granted in part and denied in part. The court finds that as a matter of law under Section 1692g Lawent's debt collection letter provided an ineffective validation notice. In addition, the court grants Lawent's motion as it relates to Plaintiff's claim under Section 1692f because there is no evidence that Lawent's Small Claims Complaint was an unconscionable means of collecting a debt. Because the court finds that a genuine issue of material fact exists regarding whether an unsophisticated consumer would be deceived by Defendant's error in filing his Small Claims Complaint, this court denies both parties' motions on Section 1692e.

ENTER:

Dated: September 8, 2003

REBECCA R. PALLMEYER
United States District Judge