# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5596 | DATE | 9/27/2004 |
| CASE TITLE | Amanda Blum vs. Paul D. Lawent | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff Amanda Blum is awarded as actual damages the $64 filing fee for her appearance in the Will County Circuit Court. She is also awarded $1 in statutory damages for Defendant Paul Lawent's combined violations of §§ 1692e and 1692g of the FDCPA.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 34 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | ETV | courtroom deputy's initials | 9/27/2004 date mailed notice ETV mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA BLUM, f/k/a HORKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 5596 |
| ) | |
| PAUL D. LAWENT, d/b/a LAW OFFICES ) | Judge Rebecca R. Pallmeyer |
| OF PAUL D. LAWENT, ) | |
| ) | |
| Defendant. ) | |

DOCKETED

## MEMORANDUM OPINION AND ORDER

SEP 28 2004

Plaintiff Amanda Blum failed to pay her bill for dental services provided by Renwick Family Dental Care, L.L.C. ("Renwick"). After approximately one year, her debt was referred to J.V.D.B. & Associates, a debt collection agency. Blum successfully sued J.V.D.B. for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by harassing her at work in connection with their collection efforts, *see Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769 (7th Cir. 2003)[1]; she did not, however, pay her bill. Defendant Paul D. Lawent, an Illinois attorney who performed debt collection services on behalf of J.V.D.B., filed a complaint in Will County Small Claims Court ("Small Claims Complaint") to recover Renwick's money. At this point, Blum finally paid the money she owed, but not before filing another federal lawsuit. In this case, Blum alleges that Lawent violated the FDCPA by making confusing disclosures in a collection letter; by filing the Small Claims Complaint on behalf of Dr. Marcos Y. Que, the dentist who had performed the dental work, and not Renwick, the actual creditor; and by signing the Small Claims Complaint without indicating that he was the plaintiff's attorney.

The parties filed cross-motions for summary judgment on all of Blum's claims. On September 8, 2003, the court granted the motions in part and denied them in part. The court

---

1   Horkey is Blum's maiden name.

34

concluded that Blum was entitled to summary judgment on her claim that Lawent's debt collection letter violated § 1692g of the FDCPA because it contained confusing language concerning Blum's right to challenge the debt. *Blum v. Lawent*, No. 02 C 5596, 2003 WL 22078306, at *3-7 (N.D. Ill. Sept. 8, 2003). The court found that genuine issues of fact precluded summary judgment as to whether Lawent's Small Claims Complaint violated § 1692e of the FDCPA by naming the wrong plaintiff (the dentist himself, rather than his professional corporation) and by failing to indicate that Lawent was the plaintiff's attorney. Finally, finding no support for Blum's theory that the Small Claims Complaint was unconscionable in violation of § 1692f, the court dismissed that portion of the suit. *Id.* at *7-10. Because Blum sought only statutory damages on the § 1692g claim and the parties did not submit any arguments or evidence on that issue, the court reserved judgment as to Blum's damage award. *Id.* at *10-11.

The court held a bench trial on January 29, 2004. Blum subsequently filed a motion for leave to cite additional authority, arguing that the Seventh Circuit's recent decision in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), demonstrates that Lawent is strictly liable for violating §1692e even if Blum was not in fact deceived by the Small Claims Complaint. Blum claims that the only defense to liability – a showing of bona fide error and care to avoid such error – is not available to Lawent because he neither pleaded it in answering the federal Complaint nor proved it at trial. Lawent insists that the naming of Dr. Que as the plaintiff and the failure to indicate that he was signing as the plaintiff's "attorney" were simply unintentional errors that "deceived no one." For the reasons set forth here, judgment is entered on behalf of Blum in the amount of $65.

## FACTUAL BACKGROUND

The facts of this matter are more fully presented in this court's September 8, 2003 Memorandum Opinion and Order ("Order"). *See Blum*, 2003 WL 22078306, at *1-3. This opinion

assumes the reader's familiarity with the earlier decision and will summarize the relevant facts adduced at trial.

Blum and her two minor children received dental services at Renwick valued at $817 between September 18, 1999 and November 15, 1999. Dr. Que performed those services as manager and sole owner of Renwick, a Limited Liability Company. (Stipulated Facts ¶¶ 1, 2.) Blum did not pay the bill, so at some point in November or December of 2000, Renwick referred it to J.V.D.B. Lawent sent an initial debt validation letter to Blum on behalf of J.V.D.B. on December 21, 2000. (*Id.* ¶ 5.) Blum denies ever receiving the letter, and when there was no response, J.V.D.B.'s staff made two harassing phone calls to Blum at her place of employment. *Blum*, 2003 WL 22078306, at *1. As noted, Blum won a judgment against J.V.D.B. in connection with those collection efforts, receiving $1,000 in statutory damages and $450 in actual damages under the FDCPA. *Horkey*, 333 F.3d at 775. While that lawsuit was pending, Lawent mailed a second debt collection letter to Blum's attorney, David J. Philipps, on May 15, 2002. (Letter from P. Lawent to D. Philipps of 5/15/02, Tr. Ex. A.) As explained in the court's earlier decision, this letter violated § 1692g of the FDCPA because it was confusing as to Blum's right to challenge the debt. *Blum*, 2003 WL 22078306, at *3-7.

Approximately two months later on July 19, 2002, Lawent filed the Small Claims Complaint using forms provided by the Circuit Court of Will County. In that Small Claims Complaint, Lawent identified Dr. Que as the plaintiff but substituted his own law office address for that of Dr. Que. In the area designated for the "Signature of Plaintiff," Lawent signed his own name without indicating that he was the plaintiff's attorney. (Small Claims Complaint, Tr. Ex. B.) The Small Claims Complaint indicated that Blum owed "$817.00 plus costs for dental services rendered to the defendant in a fully professional and competent manner." (*Id.*) Attached to the Small Claims Complaint was a November 30, 2000 Statement of Account from Renwick showing that Blum had an outstanding balance of $817. (Statement of Account, Tr. Ex. B.)

On August 8, 2002, Blum sought dismissal of the Small Claims Complaint on the ground that she did not owe any money to Dr. Que or to Lawent. (Motion to Strike and Dismiss and Motion for Involuntary Dismissal, Tr. Exs. F, G.) The next day, the Will County Circuit Court granted the motion and gave Dr. Que or Lawent 14 days to file an amended complaint. (Will County Circuit Court Order of 8/9/02, Tr. Ex. H.) No amended complaint was filed prior to August 13, 2002, when Blum's husband paid her debt in full by personally delivering a money order to Renwick. (Stipulated Facts ¶ 9.) Before making payment, however, Blum filed this lawsuit on August 7, 2002, seeking further damages from Lawent under the FDCPA.

## DISCUSSION

At trial, the parties addressed the following issues: (1) whether Lawent is liable under § 692e for making false statements in the Small Claims Complaint; (2) if so, what damages Blum should receive; and (3) what damages Blum should receive for Lawent's violation of § 1692g, stemming from his misleading collection letter of May 15, 2002. *See Blum*, 2003 WL 22078306, at *3-7.

### I. Liability Under § 1692e

Blum argued that the Small Claims Complaint was false and misleading in violation of § 1692e of the FDCPA because it was filed on behalf of a party to whom Blum did not owe any money, and because Lawent signed his own name as the plaintiff without indicating that he was the attorney. Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "A debt collector's false statement is presumptively wrongful under the [FDCPA] even if the speaker is ignorant of the truth." *Randolph*, 368 F.3d at 728. *See also Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (the test for determining whether a debt collector has violated this section is an objective one, "turning not on the question of what the debt collector

4

knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer").

It is undisputed that the Small Claims Complaint contained false statements. Blum did not owe any money to Dr. Que as alleged; rather, she owed money to Renwick. In addition, Lawent was not the plaintiff in that case but he signed the Small Claims Complaint on the line for "Signature of Plaintiff" without indicating that he was the plaintiff's attorney. Lawent insists that these mistakes were "unintentional errors" and that he did not intend to deceive anyone. (Lawent Resp., at 1.)[2] As the Seventh Circuit recently explained, however, Lawent's intent is irrelevant. *Randolph*, 368 F.3d at 730 ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period"). See also 15 U.S.C. § 1692e(2)(A) (a debt collector violates this section if he makes a "false representation of – the character, amount, or legal status of any debt").

Blum concedes that she was not in fact misled or deceived by the Small Claims Complaint. She certainly knew that Dr. Que was a dentist at Renwick; the Small Claims Complaint stated that Blum owed "$817.00 plus costs for dental services rendered to the defendant in a fully professional and competent manner"; and Lawent attached a copy of the Renwick bill to the Small Claims Complaint. In addition, Blum knew that Lawent was an attorney for Dr. Que and/or Renwick: the Will County Summons identified him as such. Further, Lawent's May 15, 2002 collection letter to Blum's attorney stated that he was an attorney representing J.V.D.B. in Blum's collection matter. The critical question, however, is not whether Blum was actually misled, but whether an unsophisticated consumer would have been misled. *Turner*, 330 F.3d at 995. "Debt collectors may not make false claims, period," and Lawent made objectively false statements in the Small Claims Complaint. *Randolph*, 368 F.3d at 730. Lawent is thus strictly liable unless he can establish an affirmative defense.

---

[2] Defendant's Response to Plaintiff's Motion for Leave to Cite Additional Authority is cited as "Lawent Resp., at ___."

5

## II.   Affirmative Defense to Liability Under § 1692e

Though § 1692e creates a "strict-liability rule," the FDCPA provides a defense "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Randolph*, 368 F.3d at 730 (quoting 15 U.S.C. § 1692k(c)). In answering Blum's Complaint, Lawent set forth several affirmative defenses but did not expressly mention § 1692k(c) or its elements. *See, e.g., Turner*, 330 F.3d at 997 (describing § 1692k(c) as an "affirmative defense"); *Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157, at *11 (N.D. Ill. Dec. 23, 2002), *aff'd*, 359 F.3d 489 (7th Cir. 2004) ("§ 1692k(c) is an affirmative defense, and therefore, must be pleaded in Defendants' answer"). Even if Lawent had properly pleaded the affirmative defense, moreover, it would still fail because he did not set forth the required elements.

The mistakes in the Small Claims Complaint do appear to be unintentional errors; Blum did not present any evidence suggesting that Lawent deliberately sought to confuse her or to recover money that she did not in fact owe. Nevertheless, this is not the first time Lawent has violated the FDCPA. *See Horkey*, 333 F.3d 769; *Shula*, 2002 WL 31870157, *aff'd*, 359 F.3d 489. *See also Gonzalez v. Lawent*, No. 03 C 2237, 2004 WL 2036409 (N.D. Ill. Sept. 10, 2004) (granting plaintiff leave to file amended complaint charging Lawent with violations of the FDCPA). Lawent testified that the only procedure he had in place to prevent such errors was to personally review documents before they were filed. He conceded that the Small Claims Complaint was typed by a secretary employed by the collection agency (presumably, J.V.D.B.) and not his own employee, and he admitted that he did not show the complaint to his client, Dr. Que, before filing it with the Will County Circuit Court. On these facts, the court finds that Lawent did not have adequate procedures in place to prevent the errors and does not have an affirmative defense to liability.

## III. Damages

Having determined that Lawent is liable under both §§ 1692e and 1692g, the court next considers whether Blum is entitled to any damages. Section 1692k of the Act states:

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . .

15 U.S.C. § 1692k. The FDCPA identifies the following factors as relevant to a damages award under the Act: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). Blum has requested a combined total of $500 in statutory damages for both the § 692e and § 1692g violations. She also seeks to recover the $64 filing fee she paid in responding to the Small Claims Complaint. Lawent argues that Blum is entitled to only nominal damages.

It is undisputed that Lawent sent only one letter that violated § 1692g. (Letter from P. Lawent to D. Philipps of 5/15/02, Tr. Ex. A.) Though that letter was technically confusing as to Blum's right to challenge the debt, there is no evidence that Lawent intended to deceive Blum or to violate the FDCPA. It is undisputed that Blum was not in fact confused or deceived at all. Blum knew that she owed the debt and has even asserted that she would not have contested the Will County lawsuit had Lawent named the proper plaintiff. (Stipulated Facts ¶ 11.) The court questions this assertion; Lawent sent a letter to Blum's attorney on August 2, 2002 stating his intent "to move instanter to amend the caption of the case to Renwick Family Dental Care, LLC v. Amanda Horkey, n/k/a Amanda Blum," yet less than a week later Blum not only moved to dismiss the Will County complaint but also filed this lawsuit. (Letter from P. Lawent to D. Philipps of 8/2/02, Tr. Ex. D; Motion to Strike and Dismiss and Motion for Involuntary Dismissal, Tr. Exs. F, G.) In any event, Blum admits that she was not in fact misled by the Small Claims Complaint and, shortly after

7

it was filed, she finally paid off her $817 debt – nearly two years after she received the dental services – in one full payment. (Stipulated Facts ¶ 9.) On these facts, the court finds that Blum is entitled only to actual damages and nominal statutory damages.

## **CONCLUSION**

For the reasons stated above, Plaintiff Amanda Blum is awarded as actual damages the $64 filing fee for her appearance in the Will County Circuit Court. She is also awarded $1 in statutory damages for Defendant Paul Lawent's combined violations of §§ 1692e and 1692g of the FDCPA.

ENTER:

Dated: September 27, 2004

REBECCA R. PALLMEYER
United States District Judge